## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ADEOYE ADEBOWALE, | ) | |
| | ) | |
| Plaintiff, | ) | 12 C 06005 |
| | ) | |
| v. | ) | Hon. Robert Gettleman |
| | ) | |
| WALLACE A. GRIFFITH, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

Defendant Police Officers Wallace A. Griffith, George Gonzales, and McDaniels, by and through their attorney, Kristin M. Pinkston, Assistant Corporation Counsel of the City of Chicago, and Defendant City of Chicago[1], by and through its attorney, Stephen R. Patton, Corporation Counsel of the City of Chicago, respectfully request this Court to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and in support of their request state as follows:

### PROCEDURAL HISTORY

Plaintiff filed his first complaint against Defendants on August 20, 2009, and filed an amended complaint on August 24, 2009. *See Adebowale v. Griffith, et al.*, 09 C 05138 (J. Gettleman) at Dkt. Nos. 1, 6, and 8. On August 11, 2010, Defendants filed a motion to dismiss the case for want of prosecution pursuant to Rule 41(b). *Id.* at Dkt. No. 35. This Court granted that motion without prejudice on August 19, 2010. *Id.* at Dkt. No. 39.

---

[1] Defendants Griffith, Gonzales, McDaniels, and City of Chicago will be collectively referred to as "Defendants."

Plaintiff filed the same cause of action on July 30, 2012.[2]  *See Adebowale v. Griffith, et al.*, 12 C 6005 (J. Gettleman) at Dkt. Nos. 1, 7.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted if the complaint fails to state a claim upon which relief can be granted.  *Corcoran v. Chicago Park Dist.*, 875 F.2d 509 (7th Cir. 2005).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*").  Additionally, according to the pleading standards set forth in *Twombly* and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), "a pleading that offers labels and conclusions . . . will not do . . . Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  *Ashcroft*, 129 S.Ct. at 1949, citing *Twombly*, 550 U.S. at 555, 557 (internal citations omitted).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.*  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* While the Court must accept all factual allegations in the complaint as true, the Court is not obligated to accept as true a legal conclusions disguised as a factual allegation or unsupported conclusions of fact.  *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

---

[2] Plaintiff alleges in paragraph 1 of his complaint that this case is renewed by virtue of the provisions of Rule 41(2)(b) of the Federal Rules of Civil Procedure.  Defendants request this Court take judicial notice that Rule 41(2)(b) does not exist.

## **ARGUMENT**

Plaintiff's Complaint fails to state a cause of action and must be dismissed pursuant to Rule 12(b)(6) because Plaintiff's claims are time barred. First, Plaintiff filed his complaint more than one year after this Court dismissed it pursuant to Rule 41(b). Second, Plaintiff's claims are time barred by the relevant statute of limitations. Although the statute of limitations is an affirmative defense, dismissal pursuant to Rule 12(b)(6) is proper where a valid affirmative defense plainly obviates the need for litigation. *See, e.g., Walker v. Thompson*, 288 F. 3d 1005, 1009 (7th Cir. 2002) ("when the existence of a valid affirmative defense is so plain from the face of the complaint that suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit.") (citations omitted).

Plaintiff alleges an "unlawful stop and detention" taking place on July 30, 2009, an "unlawful attempted arrest and search of Plaintiff's Home by Detective George Gonzales on September 5, 2008." Dkt. No. 1 Attached Compl. at pp. 4, 6. Plaintiff claims relief under 42 U.S.C. § 1983 (*id.* at 7-9) and Illinois state law for intentional infliction of emotional distress and negligence (*id.* at 10).

42 U.S.C. § 1983 contains neither its own statute of limitations nor tolling rules; both are borrowed from the state in which the civil rights action is filed. *Jenkins v. Village of Maywood*, 506 F.3d 622, 623 (citing *Hardin v. Straub*, 490 U.S. 536, 538, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989); *Wilson v. Garcia*, 471 U.S. 261, 266-76, 105 S.Ct. 1983, 85 L.Ed.2d 254 (1985) (parenthetical explanation omitted); *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001)). In Illinois, the applicable statute of limitations is two (2) years. *Id.* at 623 (citing *Johnson*, 272 F.3d at 521; 735 ILCS 5/13-202). Illinois' tolling

3

provision, 735 ILCS 5/13-217, allows a plaintiff to re-file a case within one year of its dismissal for want of prosecution, or within the remaining period of limitations, whichever time period is greater. *Id.* at 624.

Here, Plaintiff's case was involuntarily dismissed *without prejudice* pursuant to Rule 41(b). *See Adebowale*, 09 C 05138, at Dkt. No 39. According to the Illinois' tolling provision, Plaintiff was allowed to re-file his case within one year of the dismissal date, August 19, 2010, or within the remaining period of limitations, whichever time period is greater.

### PLAINTIFF'S FEDERAL CLAIMS ARE TIME BARRED

As explained above, Plaintiff's 42 U.S.C. § 1983 claims against the Defendants have a statute of limitations of two years. In Plaintiff's Complaint (Dkt. No. 1 Attached Complaint), Plaintiff alleges that the incidents giving rise to his federal claims occurred on September 5, 2008 (paragraph 26, 28, 29, 39, 43, 51, and 52), July 30, 2009 (paragraph 13, 17, and 38), and July 31, 2009 (paragraph 38 and 46). The statute of limitations tolled for Plaintiff's alleged incidents on September 5, 2010, July 30, 2011, and July 31, 2011. The Court dismissed Plaintiff's case on August 19, 2010. Because Illinois' tolling provision instructs the Court to allow Plaintiff to re-file his case within one year of the dismissal date or within the remaining period of limitations, whichever time period is greater, this Court must use the dates of September 5, 2010, July 30, 2011, and July 31, 2011, in determining whether Plaintiff has timely re-filed his case. *See* 735 ILCS 5/13-217.

Plaintiff re-filed his case on July 30, 2012 (Dkt. No. 1); nearly two years after the statute of limitations expired for the September 5, 2010, alleged incident, and one year

after the statute expired for the July 30, 2011, and July 31, 2011, incidents. Plaintiff's claims are time barred and must be dismissed with prejudice pursuant to Rule 12(b)(6).

## **PLAINTIFF'S STATE LAW CLAIMS ARE TIME BARRED**

The relevant statute of limitations applicable to Plaintiff's state law claims against Defendants is contained in Illinois Tort Immunity Act at 745 Ill. Comp. Stat. Ann. 10/8-101, which states in pertinent part as follows: "No civil action . . . may be commenced in any court against any local entity or its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 Ill. Comp. Stat. Ann. 10/8-101 (West 2007). Under Illinois state law, the statute of limitations for personal injury claims begins to run when the plaintiff suffers the injury. *Hollander v. Brown*, 457 F.3d 688, 692 (7th Cir. 2006).

In Plaintiff's Complaint (Dkt. No. 1 Attached Complaint), Plaintiff alleges that the incidents giving rise to his state law claims of Intentional Infliction of Emotional Distress and Negligence occurred on September 5, 2008 (paragraph 26, 28, 29, 39, 43, 51, and 52), July 30, 2009 (paragraph 13, 17, and 38), and July 31, 2009 (paragraph 38 and 46). The statute of limitations expired for Plaintiff's alleged claims on September 5, 2009, July 30, 2010, and July 31, 2010. *See* 745 Ill. Comp. Stat. Ann. 10/8-101 (West 2007). This Court dismissed Plaintiff's case on August 19, 2010. Because Illinois' tolling provision instructs the Court to allow Plaintiff to re-file his case within one year of the dismissal date or within the remaining period of limitations, whichever time period is greater, this Court must use the date of August 19, 2011, in determining whether Plaintiff has timely re-filed his case. *See* 735 ILCS 5/13-217.

Plaintiff re-filed his case on July 30, 2012 (Dkt. No. 1); nearly one year after the statute of limitations expired for these alleged incidents. Plaintiff's claims are time barred and must be dismissed with prejudice pursuant to Rule 12(b)(6).

### ANY NEW CLAIM OF DAMAGES RELATED TO THE INCIDENTS IDENTIFIED IN PLAINTIFF'S COMPLAIN ARE ALSO TIME BARRED

"A dismissal without prejudice is treated for statute of limitations purposes as if the suit had never been filed." *Muzikowski v. Paramount Pictures Corp., et al.*, 322 F.3d 918, 923 (citing *Elmore v. Henderson,* 227 F.3d 1009, 1011 (7th Cir.2000)). Plaintiff alleges in paragraphs six (6), seven (7), and eight (8) of his Complaint (Dkt. No. 1) that his case should be "renewed" because alleged incidents taking place on June 18, 2012, and July 1, 2012, were caused by the "previous derogatory information provided by Ms. McMillan, and in particular, the Defendant Police Officers named in this case." Dkt. 1 at ¶ 8. Plaintiff's allegations that the alleged actions taken by Defendant Officers on September 5, 2009, July 30, 2010, and July 31, 2010, are currently causing him to suffer "humiliation" does not factor into the analysis of whether Plaintiff timely re-filed his case. Any claims arising from alleged events taking place on September 5, 2009, July 30, 2010, and July 31, 2010, are time barred and must be dismissed.

Plaintiff also alleges that "the allegations made by the City of Chicago (acting on behalf of the said Police Officers) in their Answer dated November 17, 2009, to the Plaintiff's Complaint at paragraph 16 . . . appears to continue to plague the reputation and integrity of the Plaintiff in the normal course of his daily life." Dkt. 1 at paragraph 6. To the extent Plaintiff is alleging that the City's answer (*Adebowale*, 09 C 05138 at Dkt.

No19) caused him damage to his reputation, this claim must also be dismissed as Plaintiff allegations do not amount to a cognizable claim for which relief may be granted.[3]

## **CONCLUSION**

Plaintiff failed to timely re-file his case in accordance with Illinois' tolling provision. Accordingly, Plaintiff's claims are time-barred and Plaintiff's complaint fails to state a claim upon which relief can be granted.

**WHEREFORE,** for the reasons set forth above, Defendants respectfully request this Honorable Court enter an Order dismissing with prejudice all claims Plaintiff brings against them as alleged in Plaintiff's Complaint (Dkt. 1).

DATED: September 28, 2012

Respectfully submitted,

Stephen R. Patton
Corporation Counsel of the City of Chicago


By: */s/ Kristin M. Pinkston*
Kristin M. Pinkston
Assistant Corporation Counsel
Attorney for Defendants


City of Chicago Department of Law
Federal Civil Rights Litigation Division
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
312-742-1842 (T)
Attorney No. 6297426

---

[3] Defendants do not contend that Plaintiff has raised a claim of defamation. Specifically, Plaintiff does not allege that the statements contained in the answer were false. However, to the extent that Plaintiff seeks to bring such a claim, Illinois imposes a one-year statute of limitations on all defamation actions that begins to run when the defamatory statement was published. *Muzikowski*, 322 F.3d at 923 (citing *Buechele v. St. Mary's Hosp.*, 156 Ill.App.3d 637). Further, Defendants posit that issues regarding the statements made in the Defendants' prior answer (*Adebowale*, 09 C 05138, at Dkt. No.19) are not properly raised as a cause of action.